UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
MONICA JONES,

        Plaintiff,

    -against-

CHRISTOPHER RENFROE, Attorney at Law;
WILLIAM T. DRISCOLL, Attorney at Law;
PATRICK K. FOSTER, Attorney at Law,

        Defendants.
----------------------------------x

**MEMORANDUM AND ORDER**
18-CV-7268

**MATSUMOTO, United States District Judge:**

    Plaintiff Monica Jones, a resident of Brooklyn, and citizen of New York, filed this *pro se* action alleging violations of her civil rights pursuant to 42 U.S.C. § 1983 in connection with allegations of attorney malpractice. Plaintiff paid the requisite filing fee to bring this action. For the reasons discussed below, the complaint is dismissed because the court lacks subject matter jurisdiction.

**STANDARD OF REVIEW**

    At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is frivolous or that the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000).

### BACKGROUND

Plaintiff Monica Jones brings this action against attorneys Christopher Renfroe, William T. Driscoll and Patrick K. Foster, who are partners in the law firm Renfroe Driscoll & Foster, LLP ("the firm"), located in Forest Hills, New York. Plaintiff alleges that on June 18, 2015, she hired the firm to represent her son in a criminal matter and signed a retainer agreement and promissory note, agreeing that the legal fee would be $5,000.00 for a motion to vacate her son's plea and an additional $15,000.00 was only to be used if her son's plea was

vacated. (Compl. at 2.)[1]  On July 1, 2015, plaintiff authorized attorney Christopher Renfroe "to use the funds held in the escrow account in the amount of $15,000.00 to perfect a 440 Motion and to Appeal said motion to [the] Appellate Division." (*Id.* at 3.)  Plaintiff alleges that Christopher Renfroe committed legal malpractice by failing to file a Notice of Appeal to the Appellate Division, Second Department, appealing the denial of her son's §440 motion. (*Id.* at 4-5.)  Plaintiff seeks money damages: $1,000 in nominal damages, $50,000 in punitive damages and $55,000 in compensatory damages. (*Id.*)

## DISCUSSION

Although plaintiff is proceeding *pro se,* and her complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson*, 551 U.S. at 94, she still must establish that the court has subject matter jurisdiction over her action. *See, e.g., Rene v. Citibank NA*, 32 F.Supp.2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).  Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428 (2011) ("[F]ederal courts

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62-3 (2d Cir. 2009).

Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Igartua v. Dept. of Homeless Svcs.*, Nos. 15-CV-3806, 2015 WL 4656557, at *2 (E.D.N.Y. Aug. 5, 2015) (internal citations omitted). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantine*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted). "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). A plaintiff properly invokes § 1332 diversity jurisdiction when he presents a claim between parties of diverse citizenship that

exceeds the required jurisdictional amount, currently $75,000. *Id.* (citing § 1332(a)).

Here, plaintiff cannot invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 because all parties are alleged to be citizens of the State of New York. Although theComplaint is entitled "Civil Rights Complaint 42 U.S.C. §1983," plaintiff also fails to plead any facts that present a federal question under 28 U.S.C. § 1331, as the factual allegations in the complaint purely state a claim for legal malpractice, which is a matter of state law over which this Court does not have federal question jurisdiction. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) ("Whatever cause of action [the plaintiff] might have against his lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter."); *see also Chery v. Law Office of Felix Kozak, P.C.*, No. 11-CV-3471, 2011 WL 4056069, at *2 (E.D.N.Y. Aug. 28, 2011) (federal district courts do not have subject matter jurisdiction over legal malpractice claims) (internal citations omitted); *Williams v. Sindos*, No. 08-CV-378, 2009 WL 613317, at *2 (S.D.N.Y. Mar. 9, 2009) (claims for legal malpractice are matters of state law and do not present a federal question).[2]

---

[2] The Court notes that to the extent plaintiff's claim could be construed under 42 U.S.C. § 1983, the claim also fails. Under Section 1983, individuals may bring a private cause of action against persons "acting under color of

**CONCLUSION**

Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3). Any state law claims are dismissed without prejudice to filing in the proper state court or administrative agency. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order and the judgment to *pro se* plaintiff and note service on the docket no later than March 4, 2019.

**SO ORDERED.**

Dated: Brooklyn, New York
       March 2, 2019

                                    _____/s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge

---

state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable Section 1983 claim, Plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (citations and internal quotation marks omitted). As defendants are private parties, they are beyond the scope of Section 1983 liability.